Justice PLEICONES.
I respectfully dissent. In my view, it is a close question whether petitioner’s traffic stop was unlawfully extended. See State v. Hewins, 409 S.C. 93, 760 S.E.2d 814 (2014). In any case, I would reverse the Court of Appeals’ affirmance of the denial of petitioner’s suppression motion. In my opinion, once the drug dog failed to alert, the already marginal “objectively reasonable suspicion” to search the vehicle and its trunk evaporated.[5] State v. Provet, 405 S.C. 101, 747 S.E.2d 453 (2013).
I would reverse and remand for a new trial.
BEATTY, J., concurs.

. I am not persuaded by the majority’s reliance on the dissent in United States v. Davis, 430 F.3d 345 (6th Cir.2005). In Davis, the majority *583 noted the dissent relied exclusively on cases where “even without the dog's alert there was probable cause to justify a more extended detention, whereas in this case there was only the more limited basis of reasonable suspicion.” Id. at 359. As in Davis, here the State had at most only a "reasonable suspicion” that petitioner possessed illegal drugs.